# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA
### CHARLOTTE DIVISION
### 3:12cv561

| | |
|---|---|
| CONSTANCE VIOLA, )<br>)<br>Plaintiff, )<br>)<br>Vs. )<br>)<br>BROCK & SCOTT, PLLC; CHASE )<br>HOME FINANCE, LLC; MORTGAGE )<br>CONTRACTING SERVICES, LLC; )<br>AMERICAN HOME CLOSING, INC.; )<br>FRANKLIN AMERICAN MORTGAGE )<br>CO., and J.P. MORGAN CHASE BANK, )<br>N.A., et al., )<br>)<br>Defendants. )<br>_____ ) | ORDER AFFIRMING<br>M&R and PARTIALLY<br>DISMISSING ACTION |

**THIS MATTER** is before the court on review of a Memorandum and Recommendation issued in this matter. In the Memorandum and Recommendation, the magistrate judge advised the parties of the right to file objections within 14 days, all in accordance with 28, United States Code, Section 636(b)(1)(c). No objections have been filed within the time allowed.

The *Federal Magistrates Act of 1979*, as amended, provides that "a district court shall make a *de novo* determination of those portions of the report or specific proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1); Camby v. Davis, 718 F.2d 198, 200 (4th Cir.1983). However, "when objections to strictly legal issues are raised and no factual issues are challenged, *de novo* review of the record may be dispensed with." Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir.1982). Similarly, *de novo* review is not required by the statute "when a party makes general or conclusory objections that do not direct the court to a specific error in the magistrate judge's proposed findings and

recommendations." Id. Moreover, the statute does not on its face require any review at all of issues that are not the subject of an objection. Thomas v. Arn, 474 U.S. 140, 149 (1985); Camby v. Davis, 718 F.2d at 200. Nonetheless, a district judge is responsible for the final determination and outcome of the case, and accordingly the court has conducted a careful review of the magistrate judge's recommendation.

After such careful review, the court determines that recommendation of the magistrate judge is fully consistent with and supported by current law. Further, the brief factual background and recitation of issues is supported by the applicable pleadings. Based on such determinations, the court will fully affirm the Memorandum and Recommendation and grant relief in accordance therewith.

**ORDER**

**IT IS, THEREFORE, ORDERED** that:

(1) the Memorandum and Recommendation (#9) is **AFFIRMED,**

(2) defendants Chase Home Finance, LLC's, JP Morgan Chase Bank, NA's, Glenn J. Mouridy's Motion To Dismiss (#3) and Defendant Mortgage Contracting Services, LLC's Amended Motion To Dismiss Or, In the Alternative, For More Definite Statement Or To Strike (#6) are **GRANTED;**

(3) defendant Mortgage Contracting Services, LLC's Motion To Dismiss Or, In The Alternative, For More Definite Statement" (#5) is **DENIED AS MOOT**; and

(4) that this action is **DISMISSED** as to the following defendants:

(a) Glenn J. Mouridy, CEO, Chase Home Finance, LLC;

(b) Mortgage Contracting Services, LLC, Board of Members;

(c) Chase Home Finance, LLC; and

(d) JP Morgan Chase Bank, NA.

**Advice to Plaintiff**

In accordance with Rule 4(m), Federal Rules of Civil Procedure, plaintiff is advised that she has until <u>December 27, 2012</u>, to serve the remaining defendants --Brock & Scott, PLLC, Allan Martin, Andrew Rowlands, American Home Closings, Inc., and Franklin American Mortgage Company-- and to file proof of such timely service with the court. She is further advised that failure to serve these defendants and file proof of such service as required could result in dismissal of this action as to the remaining defendants for lack of prosecution under Rules 4(m) and 41(b).

Signed: December 8, 2012

Max O. Cogburn Jr.
United States District Judge